IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DESIRA R. PEERY                                                              PLAINTIFF

V.                                                     CIVIL ACTION NO. 3:09-CV-115-SAA

ALLSTATE INSURANCE COMPANY                                     DEFENDANT

**MEMORANDUM OPINION**

On October 8, 2009, the plaintiff Desira Peery filed a complaint in the Circuit Court of Montgomery County, Mississippi claiming bad faith, breach of contract, breach of fiduciary duty, negligence and gross negligence by defendant Allstate Insurance Company in handling her claim for fire loss at her home and seeking actual and punitive damages against Allstate. Docket 2. The case was properly removed to the Northern District of Mississippi under 28 U.S.C. §§ 1332, 1441 and 1446. All parties have consented to have a United States Magistrate Judge conduct the proceedings in this case in accordance with 28 U.S.C. § 636(c) and L.U. Civ. R. 73, and the undersigned has authority to decide all motions as well as enter a final judgment in this case. The plaintiff has filed a motion for summary judgment.

FACTUAL SUMMARY

On November 29, 2008, the plaintiff's home burned. The home was insured by defendant under a general liability, property damage and fire policy. Docket 2, ¶8. The policy provided owners and mortgage coverage in the amount of $292,619.00, and defendant had actual notice

1

that Wells Fargo Bank, NA ("Wells Fargo") was the mortgage payee under the policy. Docket 2, ¶¶7 & 9. When plaintiff made a claim under the policy [Docket 14], Allstate undertook an investigation of the fire, which the plaintiff agrees was proper and within Allstate's rights under the policy.

After plaintiff made the claim, and while Allstate investigated the fire, Wells Fargo foreclosed on the property. Docket 14. At the foreclosure sale on February 5, 2009, Wells Fargo, submitted the winning bid of $164,292.73, which exceeded the plaintiff's indebtedness and loan payoff to Wells Fargo.[1] *Id.* On June 15, 2009, defendant Allstate issued a check for $164,296.73 payable to both Plaintiff and Wells Fargo [Docket 16] and a separate check for $127,857.07 payable solely to plaintiff. Docket 15. Plaintiff was unable to negotiate the check issued to her and Wells Fargo jointly because she was unable to find a representative of Wells Fargo to endorse the check. Docket 15.

The question is whether in this situation – where the loss preceded foreclosure, the debt to the lender was satisfied through the foreclosure sale, but the insured did not amend the policy to show satisfaction of the debt – Allstate acted in bad faith by refusing to issue a check solely to the insured rather than to the insured and mortgage payee jointly. Nothing in the record indicates that either plaintiff or Wells Fargo provided notice to Allstate before it issued the check that the property had been sold in a foreclosure sale. Plaintiff now seeks summary judgment and consents to dismissal of all claims for punitive or extra-contractual damages if the court holds that she is entitled to be paid by Allstate without Wells Fargo as a loss payee on the check.

---

[1]At the time the property was sold, plaintiff owed $163,972.30 on the outstanding mortgage.

Docket 14. Allstate has responded, admitting that it owes $164,296.73 to Peery, but denying that it acted in bad faith or violated the terms of the policy. Allstate does not dispute that the debt to Wells Fargo has been satisfied and consents to dismissal of plaintiff's claims for punitive damages "should the court rule Wells Fargo may be left off of any check reissued to Ms. Peery." Docket 16.

## LEGAL STANDARDS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633. Substantive law determines what is material. *Anderson*, 477 U.S. at 249.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

In this case the material facts are uncontested. It is undisputed that the check issued to plaintiff and Wells Fargo in the amount of $164,761.93 equals the balance of the amount of insurance proceeds contractually due as the result of the fire loss. Plaintiff contends that Wells Fargo's decision to foreclose on the property and satisfy any debt by sale of the property extinguished Wells Fargo's rights to any insurance proceeds.

In Mississippi, all insurance policies covering mortgaged property are required to contain a standard mortgage clause. Miss.Code Ann. § 83-13-9. These mandated mortgage clauses have been interpreted as creating a separate contract of insurance between the mortgagee and the insurer. *Lumbermens Mut. Cas. Co. v. Thomas*, 555 So.2d 67, 69 (Miss.1989). Under a standard mortgage clause, the mortgagee is entitled to the proceeds of the policy, and his right to recover will not be invalidated by the act or negligence of the mortgagor of the insured's property. *Weems*

4

*v. American Sec. Ins. Co.*, 450 So.2d 431, 436 (Miss.1984). Stated differently, "no act or default of any person other than the mortgagee or those claiming the proceeds under the mortgagee shall affect the rights of the mortgagee to recover in case of loss." *Hartford Fire Ins. Co. v. Associates Capital Corp.*, 313 So.2d 404, 407 (Miss.1979). Furthermore, when a loss occurs, an insurer has an obligation to first satisfy the debt owed to the mortgagee before paying remaining proceeds, if any, to the insured. *See Talman Federal Sav. & Loan Ass'n v. American States Ins. Co.*, 468 So.2d 868, 872-73 (Miss.1985). The insurer, however, has no obligation to either the mortgagee or mortgagor beyond the policy limits. *National Farers Union Property & Cas. Co. v. First Columbus Nat. Bank*, 669 So.2d 767, 770-72 (Miss.1996).

In *National Farmers Union Property Casualty Co. v. First Columbus Bank*, the Mississippi Supreme Court examined a factually similar circumstance. However, unlike this case, the foreclosure sale in *National Farmers* did not satisfy the mortgage debt. *Id.*, at 770-771. Relying on an Alabama case, *Nationwide Mutual Fire Ins. Co. v. Wilborn,* 291 Ala 193, 279 So.2d 460 (Ala. 1973), the supreme court held that when a bank purchases property at a foreclosure sale after a fire loss, it becomes the owner rather than a creditor, and it should be precluded from receiving the insurance proceeds because it had fully satisfied the debt by the purchase. Further, the court adopted Alabama's clear rule in determining when the foreclosure fully satisfies a mortgage debt with respect to insurance proceeds:

> [W]hen the loss precedes the foreclosure the mortgagee has two different means by which he may satisfy the mortgage.
>
> He may look to the insurance company for payment as mortgagee under the [standard union] [m]ortgage clause and may recover, up to the limits of the policy, the full amount of the mortgage debt at the time of the loss. In this event he would have no additional recourse against the mortgagor for the reason that his debt has

5

> been fully satisfied. The second alternative available to the mortgagee is
> satisfaction of the mortgage debt by foreclosure. If the mortgagee elects to pursue
> this latter option, and the foreclosure sale does not bring the full amount of the
> mortgage debt at the time of the loss, he may recover the balance due under the
> insurance policy as owner. If the foreclosure does fully satisfy the mortgage debt,
> he, of course, has no additional recourse against the insurance company, as his
> debt has been fully satisfied."

*Id.* at 771, citing *Nationwide Mut. Fire Ins. Co. v. Wilborn*, 291 Ala. 193, 279 So.2d 460 (1973).

At the time of foreclosure, plaintiff owed a balance of $163,972.30. Docket 14-2. The sales price paid by Wells Fargo in securing the trustee's deed for the subject property exceeded this balance by $324.43. Therefore, under Mississippi law the February 5, 2009 foreclosure sale of the property represented a full satisfaction of the mortgage debt and extinguished all Wells Fargo's rights to the insurance proceeds payable by defendant in this case. *National Farmers Union Property Cas. Co.*, 669 So.2d 767, 770-771 (Miss. 1996); *see also Aetna Ins. Co. v. Baldwin County*, 231 Ala. 102, 163 So. 604, 605 (Ala. 1935). Under these circumstances, the full balance of the insurance proceeds is due and payable to plaintiff.

In this case neither plaintiff as the insured nor Wells Fargo as the mortgage payee notified Allstate of the change in ownership of the property or sought to amend the policy to reflect that change before Allstate distributed the insurance proceeds. Under such circumstances Allstate acted entirely within the terms of the policy and the letter of the law.

**CONCLUSION**

The plaintiff's motion for summary judgment is GRANTED, and plaintiff's consent to dismissal without prejudice of her claims for extra-contractual damages upon a favorable ruling by the court is also GRANTED. A final judgment awarding payment in the amount of $164,761.93 issued to plaintiff as the sole payee and dismissing plaintiff's remaining claims will

6

issue this day in accordance with this memorandum opinion.

THIS, the 31st day of March, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE